IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| Allison-Gail Smith, Individually and on Behalf of the Wrongful Death Beneficiaries of Grace Vandygriff,<br><br>**Plaintiff**<br><br>v.<br><br>Walmart, Inc., Regis Corporation d/b/a Smart Style Salon and John Does 1-4,<br><br>**Defendants** | Civil Action No.: 1:21cv43-SA-DAS<br><br><br>**Joint Notice of Removal** |

COME NOW Regis Corporation and Wal-Mart, Inc., improper parties, and the proper parties, Regis Corp. ("Regis") and Wal-Mart Stores East, LP ("Walmart"), by and through counsel and without waiving any objections to venue or other defenses; including, but not limited to, those available under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure; and file this Notice of Removal of this case from the Circuit Court of Lee County, Mississippi, to the United States District Court for the Northern District of Mississippi, Aberdeen Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### I. Civil Action Removed

1. On January 19, 2021, Plaintiff, Allison-Gail Smith, Individually and on Behalf of the Wrongful Death Beneficiaries of Grace Vandygriff ("Plaintiff"), initiated suit against Walmart, Inc. and Regis for damages allegedly resulting from an incident which occurred on or about January 20, 2018, when the Decedent, Grace

Vandygriff ("Decedent"), visited a SmartStyle Hair Salon located inside Walmart Store #258, located at 3929 North Gloster Street in Tupelo, Mississippi.

2. The state court action is styled *Allison-Gail Smith, Individually and on Behalf of the Wrongful Death Beneficiaries of Grace Vandygriff v. Walmart, Inc., Regis Corporation d/b/a Smart Style Salon and John Does 1-4*, and was filed in the Circuit Court of Lee County, Mississippi, bearing Civil Action No. CV21-006(PF)L.

3. Regis and Walmart were served with the Summons, Complaint, and Plaintiff's discovery requests on February 1, 2021. Removal of this action is timely, as it has been filed within thirty (30) days after receipt by Regis and Walmart of the initial pleading setting forth the claim for relief on which this action is based, pursuant to 28 U.S.C. § 1446.

4. Plaintiff's primary allegations in her Complaint are that either Walmart or Regis failed to maintain the premises in a reasonably safe condition and that these acts and/or omissions directly and proximately caused the Decedent to sustain the injuries and damages complained of by the Plaintiff. According to the Complaint, Plaintiff and her siblings, Jarret Vandygriff and Derrick Vandygriff, are the children of the Decedent and the sole wrongful death beneficiaries of the Decedent.

## II. Diversity of Citizenship Exists

5. Plaintiff is a domiciliary of the State of Mississippi.

6. As John Does 1-4 have not been identified as of the time of filing the Complaint, their citizenship cannot be considered at this time.

7. This action involves a controversy between citizens of different states. Improperly named Defendant Walmart Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. Wal-Mart Stores East, LP is and was a

Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) is the sole member of Wal-Mart Stores East, LLC.

8. Improperly named Regis Corporation is a foreign corporation incorporated under the laws of the State of Minnesota, with its principal place of business located in Minneapolis, Minnesota 55416. Regis Corp. is incorporated under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota. Diversity of citizenship existed between the Plaintiff and Defendants at the time this case was commenced by the Plaintiff and at the time of service of process herein.

### III. Amount in Controversy Exceeds $75,000

9. The removing party bears the burden of establishing federal jurisdiction. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989). The United States Court of Appeals for the Fifth Circuit has held that when removal is based on diversity of the parties, and the plaintiff's complaint does not allege a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional requirement of $75,000]." *De Aguilar v. Boeing Co.*, 47 F. 3d 1404 (5th Cir. 1995). In her Complaint, Plaintiff demands a non-specific amount of compensatory damages,

the total amount of which is comprised of the following: the Decedent's pain and suffering, her disability, her loss of enjoyment of life, and for consortium of her children.

10. In the Fifth Circuit, "removal is proper if it is facially apparent from the complaint that the claims are *likely* to be above $75,000." *Randle v. Smithkline Beecham Corp.,* 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004) (citing *Allen v. R. & H. Oil & Gas Co.,* 63 F. 3d 1326 (5th Cir. 1995)) (emphasis added). Courts determine whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum "by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000." *Amos v. Citifinancial Corp.,* 243 F. Supp. 2d 587, 590 (citing *Allen*, 63 F. 3d at 1336). For this analysis, "the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Id*. Given the nature and extent of the injuries claimed in the Complaint, Regis asserts that the demand sought in the Complaint exceeds the minimum limits for diversity jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 883 (5th Cir. 2000) (facially apparent that amount in controversy exceeded $75,000 where plaintiff alleged physical injuries, incurred medical expenses, physical and mental pain and suffering, disability, and disfigurement); *Luckett v. Delta Airlines, Inc.,* 171 F. 3d 295, 298 (5th Cir. 1999) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged property damages, travel expenses, six days in hospital, pain and suffering, humiliation, and temporary inability to do housework); *Holmes v. Citifinancial Mortg. Co.,* 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006) (". . .Mississippi juries routinely award damages for pain and suffering in and/or mental or emotional damages in excess of $75,000."); *Stewart v.*

*Glenburney Healthcare, LLC,* No. 5:08-CV-270-DCB-JMR, 2008 U.S. Dist. LEXIS 106129, at *2 n.1 (S.D. Miss. Dec. 23, 2008) (facially apparent that claimed damages exceeded $75,000 where plaintiff sought compensatory damages for medical expenses, physical pain and suffering, emotional and mental anguish, loss of enjoyment of life, physical injuries, and disfigurement).

11. If this Court does not find it likely that Plaintiff's demand for compensatory damages will exceed $75,000, it may also consider the medical bills submitted by the Plaintiff prior to suit being filed that total $373,281.14. **Exhibit "A."** Regis and Walmart submit to this Court that it is more likely than not that the amount in controversy exceeds $75,000 and, consequently, Regis and Walmart have met their burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,0000, in accordance with 28 U.S.C. § 1332 and 28 U.S.C. § 1446(c)(2)(B).

### IV. Venue

12. Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place wherein the removed action is pending: the Circuit Court of Lee County, Mississippi.

### V. Notice to State Court

13. Regis will promptly file a true and correct copy of this Notice of Removal with the Circuit Court of Lee County, Mississippi. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless this matter is remanded.

### VI. Notice to the Plaintiff

14. Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

### VII. Copies of State Court Proceedings

15. A true and correct copy of all papers and pleadings on file for Civil Action No. CV21-006(PF)L from the Circuit Court of Lee County, Mississippi, is attached hereto as **Exhibit "B."**

### VIII. Process and Pleadings Served on Regis and Walmart

16. In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Regis and Walmart to date in state court is attached hereto as **Exhibit "C."**

17. Regis and Walmart reserve their right to amend or supplement this Notice of Removal. Regis and Walmart also reserve all affirmative defenses, including, but not limited to, Rule 8(c) and 12(b) defenses.

**WHEREFORE,** Defendants request this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of the Lee County, Mississippi, be hereby stayed.

Respectfully submitted, this the 1st day of March, 2021.

REGIS CORPORATION and
REGIS CORP.

s/H. Wesley Williams, III
H. WESLEY WILLIAMS, III
M. EVANS HENRY

H. Wesley Williams, III
MS Bar No. 9320
M. Evans Henry
MS Bar No. 105119
Markow Walker, PA
Post Office Box 13669
Jackson, MS 39236-3669
Telephone: 601-853-1911
Facsimile: 601-853-8284
E-mail: wwilliams@markowwalker.com
E-mail: ehenry@markowwalker.com

                                    WALMART, INC. and
                                    WAL-MART STORES EAST, LP

                            By: s/THOMAS M. LOUIS
                                 THOMAS M. LOUIS (MSB#8484)
                                 RAJITA IYER MOSS (MSB#10518)

OF COUNSEL:

Wells Marble & Hurst, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
E-Mail:Tlouis@Wellsmarble.Com
E-Mail:Rmoss@Wellsmarble.Com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was this day forwarded to all counsel of record by depositing a copy of same via:

| | | | |
|---|---|---|---|
| ☐ | United States Mail | ☐ | Certified Mail |
| ☐ | Facsimile | ☐ | Hand Delivery |
| ☐ | Email | ☒ | Overnight Mail |
| ☒ | ECF System | | |

THIS the 1st day of March, 2021.

                                                  s/H. Wesley Williams, III
                                                H. WESLEY WILLIAMS, III